# In the United States Court of Federal Claims

No. 15-553C

(Filed: September 15, 2017)

```
*************************************
                                     )   Action for breach of settlement agreement;
MICHELLE EBY,                        )   effect of intervening retaliation claim
                                     )   presented to the EEOC and decision by the
                    Plaintiff,       )   EEOC granting relief on the retaliation
                                     )   claim; mootness
        v.                           )
                                     )
UNITED STATES,                       )
                                     )
                    Defendant.       )
                                     )
*************************************
```

Alan Lescht, Washington, D.C., for plaintiff.

Jana Moses, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Chad A. Readler, Acting Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Reginal T. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Michelle Eby, seeks damages in a suit for breach of contract. Her claim arises from an alleged breach of a settlement agreement entered by Ms. Eby and the National Institute of Health ("NIH") in April 2010 to resolve a claim by Ms. Eby for employment discrimination filed with the EEOC against NIH. Compl. ¶¶ 5-6. NIH allegedly violated the settlement agreement when it failed to give Ms. Eby a "neutral reference" in connection with her application for a positon with the Food and Drug Administration ("FDA") in June 2010. *See* Compl. ¶¶ 7-12.

In December 2011, Ms. Eby filed a retaliation claim against the Department of Health and Human Services ("HHS"), claiming that the failure to comply with the settlement agreement was retaliation in violation of Title VII. *See* Pl.'s Mem. in Opp'n to Mot. To Dismiss ("Pl.'s Opp'n.") at 2, ECF. No. 40; *see also* Def.'s Mot. To Dismiss ("Def.'s Mot.") at 20, ECF No. 39. Approximately three and one-half years later, in May 2015, Ms. Eby filed her suit in this court for breach of contract with the EEOC claim still pending. After a considerable delay, in March

2017, the EEOC ruled in favor of Ms. Eby, finding that HHS had retaliated against her and awarding her a significant measure of relief.  *See* Def.'s Mot. at 12, 17-18, 37-38, 43.

Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction due to mootness and for failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC").  Ms. Eby has responded and the motion has been fully briefed.

## BACKGROUND

Ms. Eby began working for NIH, a constituent part of HHS, in June 1989.  Compl. ¶ 4. In October of 2009, Ms. Eby filed an EEO claim alleging disability discrimination against NIH and the two parties entered into a settlement agreement that terminated her employment in April of the following year.  Compl. ¶¶ 5-6.  The settlement agreement required NIH to provide Ms. Eby with "a neutral reference upon request by prospective employers," and specified that Charles Hall, the chief of the cancer evaluation program, would provide a letter of reference, the contents of which were specified verbatim in the settlement agreement.  Otherwise, NIH and its employees would provide no further information to prospective employers beyond Ms. Eby's start date with the agency, her official position, title, salary, name of organization, location, and the date of her resignation.  Compl. ¶ 7.

In April 2010, Ms. Eby applied for a position with the FDA, a position for which she was being favorably considered until the hiring manager, Frank Cross, spoke with Mr. Hall in June 2010.  Compl. ¶¶ 9, 13.  Mr. Hall advised Mr. Cross that Ms. Eby's letter of recommendation from the NIH was a "document that was negotiated."  Compl. ¶11.  Mr. Hall also responded to questions in respect of FDA's request for a reference, discussing Ms. Eby and his perception of her.  Compl. ¶ 12.  After Ms. Eby did not receive the position and learned about Mr. Hall's interaction with Mr. Cross, she filed a retaliation claim with the EEOC in December 2011.  *See* Pl.'s Opp'n at 2.  A year and one-half later, in July 2013, an EEOC Administrative Judge held a hearing on that claim but did not promptly render a decision.  *Id.*

On May 29, 2015, with the EEOC claim still pending, Ms. Eby filed a breach of contract action in this court against HHS, alleging that "Mr. Hall's statements to Mr. Cross breached the terms of the [settlement agreement]," which caused FDA not to hire her.  Compl. ¶¶ 18-19.  In this action before the court, Ms. Eby seeks damages for back pay plus interest and foregone benefits.  Compl. ¶ 20.

On October 25, 2016, the EEOC's Administrative Judge entered Notice that Mr. Hall's actions constituted reprisal.  *See* Def.'s Mot. at 20.  A final decision was entered in Ms. Eby's favor on March 3, 2017, granting her significant relief.  *Id.* at 12.  Drawing upon the EEOC's ruling, the government has entered a motion to dismiss Ms. Eby's claim for breach of contract under Rule 12(b)(1) for lack of subject matter jurisdiction, claiming that the EEOC ruling moots these proceedings.  *Id.* at 1.  Further, the government has moved for dismissal under Rule 12(b)(6), asserting that "to the extent Ms. Eby has raised any claims not mooted . . . [she has] failed to state any viable claims upon which relief may be granted."  *Id.*  Ms. Eby opposes both of these motions.  *See generally*, Pl.'s Opp'n.

**STANDARDS FOR DECISION**

*A.  RCFC 12(b)(1): Lack of Subject Matter Jurisdiction*

In any action, the plaintiff has the burden of establishing jurisdiction.  *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed. Cir. 1988).  When ruling on a 12(b)(1) motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff," *Trusted Integration, Inc. v. United States,* 659 F.3d 1159, 1163 (Fed. Cir. 2011), and dismiss the complaint only "if it appears beyond doubt that [the] plaintiff can prove no set of facts . . . which would entitle [her] to relief."  *Frymire v. United States*, 51 Fed. Cl. 450, 454 (2002) (citing *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 654 (1957)) (internal brackets and quotations marks omitted).  Even where jurisdiction is properly acquired, it "may abate if the case becomes moot."  *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).  Mootness occurs where (1) "there is no reasonable expectation that an alleged violation will recur," *Davis*, 440 U.S. at 631, and (2) interim relief has "completely and irrevocably eradicated the effects of the alleged violation," *id.*, *i.e.*, no additional relief could be granted.  *See McTech Corp. v. United States*, 105 Fed. Cl. 726, 731 (citing *Chapman Law Firm Co. v. Greenleaf Constr. Co.*, 490 F.3d 934, 940 (Fed.Cir.2007) (quoting *Davis*, 440 U.S. at 631))).  A grant of interim relief will not render a claim moot if even "some of the requested relief remains available."  *Id.* (citing *BLR Grp. of Am., Inc. v. United States*, 94 Fed. Cl. 354, 362 (2010) (quoting *Intrepid v. Pollock*, 907 F.2d 1125, 1131 (Fed. Cir. 1990))).  A case will not be mooted so long as the "issues presented [remain] live, [and] the parties [retain] a legally cognizable interest in the outcome."  *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation and internal quotation marks omitted).

*B.  RCFC 12(b)(6): Failure to State a Claim*

To survive a motion submitted under RCFC 12(b)(6), the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  As with a motion presented under RCFC 12(b)(1), "the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff."  *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citing *Papasan v. Allain*, 478 U.S. 265, 283 (1986) (additional citation omitted)).

**ANALYSIS**

*A.  RCFC 12(b)(1): Lack of Subject Matter Jurisdiction*

This court's primary source of subject matter jurisdiction is the Tucker Act, which grants jurisdiction over "any claim against the United States founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1).  Ms. Eby's breach of contract action falls within the Tucker Act's ambit.  "A settlement agreement is a contract," *Musick v. Dep't of Energy*, 339 F.3d 1365, 1369 (Fed. Cir. 2003); *see also Greco v. Dep't of Army*, 852 F.2d 558, 560 (Fed. Cir. 1988) ("It is axiomatic that a settlement agreement is a contract."), and this court's jurisdiction extends to agency-employee disputes flowing from such contracts, *see VanDesande*

*v. United States*, 673 F.3d 1342 (Fed. Cir. 2012) (finding jurisdiction under the Tucker Act to entertain claims alleging breaches of a settlement agreement resolving a Title VII complaint between The United States Postal Service and a former employee); *Holmes v. United States*, 657 F.3d 1303 (Fed. Cir. 2011) (finding the same for the Navy and its former employee). Ms. Eby entered into a settlement agreement with NIH, a component of HHS, to conclude a Title VII claim against it as her now-former employer. Her claim that the HHS and Mr. Hall violated that agreement by the communication with the FDA is a contractual dispute within the jurisdiction granted by the Tucker Act.

As noted previously, even where a court properly acquires subject matter jurisdiction, it "may abate if the case becomes moot." *Davis*, 440 U.S, at 631. Mootness is a justiciability doctrine with its origins in the "case or controversy" requirement in Article III of the Constitution of the United States. *See Northrop Corp. v. United States*, 27 Fed. Cl. 795, 800 n.4 (1993) (citing *De Funis v. Odegaard*, 416 U.S. 312, 316 (1974)). This court "applies the same standing requirements enforced by . . . courts created under Article III." *Anderson v. United States*, 344 F.3d 1343, 1350 n.1 (Fed. Cir. 2003), *see also* 28 U.S.C. § 2519 (making conclusive the Court of Federal Claims' judgments against all "further claim[s], suit[s], or demand[s] against the United States arising out of the matters involved in the *case or controversy* [adjudged].") (emphasis added).

The government argues that the *Davis* test is met in this case because this court "cannot grant any meaningful relief to Ms. Eby that is not already accomplished by the EEOC's award decision." Def.'s Mot. at 6. With the EEOC's grant of relief, the government contends that the effects of the alleged breach of the settlement agreement have been remedied completely. *See id.* at 6-7. In drawing this conclusion, the government refers to the specific findings of the EEOC Administrative Judge, in effect seemingly approaching a preclusion analysis. *See id.* First, the government notes that the "EEOC has fully considered and finally adjudicated the issue of whether HHS failed to provide a neutral employment reference." *Id.* at 6. And further that, "[t]his case and the EEOC proceedings have identical material facts and indistinguishable allegations" because both arise from HHS's failure to provide the required neutral reference. *Id.* The government points to the circumstance that the EEOC "articulated the issue in the retaliation matter as whether HHS discriminated against Ms. Eby" in terms of HHS's "adverse action [arising] directly from the terms of the 2010 settlement agreement." *Id.* (internal brackets and quotation marks omitted). Even so, this analysis is inconclusive. The test is not whether the issues in this case were addressed in another proceeding, but rather whether "some of the requested relief remains available." *See McTech Corp.*, 105 Fed. Cl. at 731 (citing *BLR Grp. of Am., Inc.*, 94 Fed. Cl. at 362 (quoting *Intrepid*, 907 F.2d at 1131)).

The government asserts that none of the requested relief remains available because "the EEOC has awarded Ms. Eby the same relief that she seeks in this case." Def.'s Mot. at 7. This claim is superficially appropriate: Ms. Eby seeks "back pay in the amount of $46,393.60, plus interest; [benefits]; consequential damages, costs; attorney's fees; [and] an amount equal to the tax on any award" from this court. Compl. at 4-5. The EEOC awarded her "back pay plus interest, and any fringe benefits," "attorney's fees and costs" in the amount of $26,291 and $43.90 respectively, "compensatory damages in the amount of $15,000," and a job placement.

Pl.'s Opp. at 2-3 (internal brackets and quotation marks omitted).[1]  The government argues that this comparison between EEOC's award and the relief sought in this case demonstrates that "Ms. Eby has already been awarded all the relief to which she would be entitled as a prevailing party." *See* Def.'s Mot. at 7.

The government's arguments fail on two grounds.  First, at this juncture in the case, the amount of damages in back pay, interest, and benefits to which Ms. Eby would be entitled for HHS's alleged breach of contract is not readily apparent.  Further, as the EEOC award does not attach a dollar amount to the back pay, interest, and fringe benefits awarded Ms. Eby, there is no comparison point for determining whether some of the requested relief remains available.[2]  Second, and more importantly, even if the EEOC award did in fact grant to Ms. Eby as much or more relief than she could obtain from this court, she has not actually received most of that relief and therefore the effects of the breach of contract have not been completely and irrevocably eradicated.[3]

---

[1]The placement ordered by the Administrative Judge was to "the position of Regulatory Health Coordinator in the Division of Drug Oncology, CDER, FDA, or a comparable position." Pl.'s Opp'n at 2.

[2]The government seems to assert that because the EEOC relied on a similar set of facts, this court is bound to provide the same remedy.  It is true that federal courts must give preclusive effect to agency determinations, *see*, *e.g.*, *B & B Hardware, Inc. v. Hargis Industries, Inc.*, 135 S.Ct. 1293, 1303 (2015) ("Both this Court's cases and the Restatement make clear that issue preclusion is not limited to those situations in which the same issue is before two courts. Rather, where a single issue is before a court and an administrative agency, preclusion also often applies.") (emphasis omitted); *see also Astoria Fed. Sav. Loan Ass'n v. Solimino*, 501 U.S. 104 (1991), but preclusion only applies where the basic requirements are met, *see B & B Hardware*, 135 S.Ct. at 1303 ("[T]he general rule is that '[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.") (quoting Restatement (Second) of Judgments § 27 (1980)).  In the instant case, as the government suggests, the EEOC may have used findings consistent with a violation of the settlement agreement as evidence of reprisal against Ms. Eby.  *See* Def.'s Mot. at 6-7.  But a determination that Mr. Hall and HHS violated the settlement agreement was not essential to the EEOC's final judgment on the reprisal claim, and it is not evident whether such a claim was actually litigated; the fact that the plaintiff has not raised preclusion in its pleadings or brief intimates that it was not.

[3]In its reply, the government advises that "[t]he payment to Alan Lescht & Associates for attorney fees and costs ($26,334.90) and the payment to Ms.Eby for compensatory damages ($15,000) were both processed for electronic transfer on July 25, 2017."  Def.'s Reply in Support of Def.'s Mot. To Dismiss ("Def.'s Reply") at 4.  The government also avers that the back pay award is being processed.  *Id*.

In other respects, the government contends that, "[t]o the extent Ms. Eby believes that the agency has failed to comply with the terms of the EEOC's order, she may petition the EEOC for

The salient fact at this juncture is that Ms. Eby has not yet received much of the relief awarded by the EEOC. The standard is whether the EEOC's award *actually*, not just potentially, completely and irrevocably eradicated the effects of the effects of the breach of contract, the alleged violation at issue here. *See Davis*, 440 U.S. at 631. The government relies on *Hernandez v. Department of the Air Force*, 498 F.3d 1328, 1333 (Fed. Cir. 2007), and the Federal Circuit's holding in that case that the plaintiff's claim was moot due to a finding that he had "already received complete relief." *See* Def.'s Mot. at 6. There, relief had not merely been awarded, it had been *received*. The government has not cited any cases, and this court has found none, that support the proposition that the mere *award* of some remedy alone is sufficient to dismiss a case as moot. Ms. Eby has not received most of the relief awarded by the EEOC that she seeks from this court. *See* Pl.'s Opp'n at 5-6; Def.'s Reply at 4. Unless and until HHS complies with the EEOC's order and grants Ms. Eby the relief she was awarded, her claim cannot possibly be moot.

*RCFC 12(b)(6): Failure to State a Claim*

The government asserts that insofar as any of Ms. Eby's claims "are not mooted . . . those claims should be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief may be granted." Def.'s Mot. at 8. The government specifically challenges the viability of Ms. Eby's claim that she is entitled to attorney fees. *Id.* "[A]n award of attorney fees must come within the waiver of sovereign immunity for such fees." *Consumers Power Co. v. Department of Energy*, 894 F.2d 1571, 1578 (Temp. Emer. Ct. App. 1990). The government notes that by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Congress has waived sovereign immunity for claims to fees but argues that Ms. Eby's claim is not within the EAJA's ambit because it requires in relevant part that the party seeking costs and fees be the *prevailing party* in a civil action brought against the United States. *See* Def.'s Mot. at 8 (citing § 2412(d)(1)(B)).

---

enforcement." Def.'s Reply at 4 (citing 29 C.F.R. § 1614.503). A petition for enforcement of a final decision by the EEOC is, pursuant to the cited regulation, referred to the EEOC's Office of Federal Operations. Ultimately, if the agency has failed or refused to comply, the complaining party is notified of his or her right to file a civil action for enforcement of the decision. *See* 29 C.F.R. § 1614.503(g) ("Where the Commission has determined that an agency is not complying with a prior decision, or where an agency has failed or refused to submit any required report of compliance, the Commission shall notify the complainant of the right to file a civil action for enforcement of the decision . . . .") Any such civil action for enforcement would be filed in a federal district court pursuant to 42 U.S.C. § 2000e-5(f)(3). *See, e.g., Green v. Board of Trustees of University of District of Columbia*, 113 F. Supp. 3d 297 (D.D.C. 2015) (male police officer had exhausted his administrative remedies before the EEOC and could pursue his claim of discrimination in district court).

Of course, because the EEOC's decision relates to Ms. Eby's retaliation claim, not her claim in this court for breach of the settlement agreement, any enforcement proceeding respecting the EEOC's decision may not dovetail in all respects with proceedings related to her contractual claim in this court.

Because Ms. Eby's claims are mooted, the argument goes, she cannot be the prevailing party and therefore is not entitled to attorney fees.  *See* Def.'s Mot. at 8-9.

The government's argument in effect urges this court to dismiss a claim contingent on Ms. Eby's success on the merits where such success is impossible.  Justiciability doctrines are designed to prevent "courts from deciding hypothetical, abstract, or *contingent claims*."  *See CBY Design Builders v. United States*, 105 Fed. Cl. 303, 331 (2012) (emphasis added); *see also White & Case LLP v. United States*, 67 Fed. Cl. 164, 172 (2005) (citing *Buckley v. Valeo*, 424 U.S. 1 (1976) (same)).  But this argument has merit only insofar as this court would accept that Ms. Eby's breach of contract claim is mooted.  For the reasons stated above, this court does not accept that proposition.  As Ms. Eby's breach of contract claim is not mooted by the EEOC's award, she may yet be a prevailing party under the EAJA and therefore her claim of entitlement to attorney fees is a claim for which relief could be granted.

## CONCLUSION

For the reasons stated, the government's motion to dismiss pursuant to RCFC 12(b)(1) and 12(b)(6) is DENIED.

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge